**SO ORDERED.**

**SIGNED this 22 day of September, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

JOSEPH HUGH NUTTALL and
KATHY CLARK NUTTALL,

      DEBTORS.                               Case No. 08-04092-8-JRL
                                                                       Chapter 13

_____

### ORDER

This case is before the court on the debtors' motion to set aside dismissal of their Chapter 13 case.

The debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code on June 19, 2008. The petition was filed on an accelerated basis, and the schedules were required to be filed by July 7, 2008. A deficiency notice was sent to the debtors which provided that their case may be automatically dismissed on the 46th day after the date of petition, pursuant to 11 U.S.C. § 521(I), unless the debtors filed their schedules, statement of affairs, and statement of current monthly income. On July 9, 2008, the court granted the debtors' motion for an extension of time to file schedules and extended the filing deadline to July 24, 2008. On July 24, 2008, the debtors filed a second motion for an extension of time to file schedules. The court granted this motion as well and

extended the filing deadline to August 4, 2008. The debtors failed to meet this deadline and the court entered an order dismissing the case on August 5, 2008. The debtors now request that the court reconsider the dismissal and set aside its order dismissing the case, contending that their failure to timely file the required information was due to excusable neglect by their counsel.

Section 521(a) of the Bankruptcy Code requires that the debtor file, *inter alia*, schedules of assets, liabilities, income and expenses, a statement of financial affairs, and a statement of current monthly income. 11 U.S.C. § 521(a)(1)(B). However, if the debtor fails to file this required information within 45 days after filing for relief, the case "shall be automatically dismissed effective on the 46th day after the date of the filing of the petition." Id. § 521(i)(1). Section 521(i)(4) provides an exception to the automatic dismissal where the court may decline to dismiss the case if

> on the motion of the trustee filed before the expiration of the applicable period of time . . . the court finds that the debtor attempted in good faith to file all the information required . . . and that the best interests of creditors would be served by administration of the case.

Id. § 521(i)(4).

This court has previously ruled that § 521(i)(4) is the only provision that gives the court authority to decline to enforce the automatic dismissal. In re Woodard, No. 05-06092-5-ATS (Bankr. E.D.N.C. Feb. 9, 2006). In Woodard, the debtors' case was automatically dismissed pursuant to § 521(i)(1). In denying the debtors' motion to reinstate their Chapter 13 case, the court found that it lacked the authority to decline to dismiss the case because the trustee did not indicate that the best interest of creditors would be served by administration of the case. Id. Similar to

Woodward, § 521(i)(4) does not apply here because the trustee failed to file a motion challenging dismissal of the debtors' case before expiration of the 45-day period. As a result, the court finds no authority in which to set aside the automatic dismissal.

Based on the foregoing, the court DENIES the motion to set aside the dismissal.

"END OF DOCUMENT"